UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Krystal C.,<br><br>  Plaintiff,<br><br>v.<br><br>Commissioner of the Social Security Administration,<br><br>  Defendant. | Civil No. 3:24-cv-000301-MPS<br><br><br><br>March 11, 2024 |

### RECOMMENDED RULING DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)

Plaintiff, Krystal C.[1] brings this action for review of the final determination of the Commissioner of the Social Security Administration denying benefits under Title II "and/or" Title XVI of the Social Security Act, 42 U.S.C. § 405(g). ECF No. 1, at 8. Pending is Plaintiff's Motion for Leave to Proceed *in forma pauperis*. ECF No. 2.

When plaintiffs request leave to proceed *in forma pauperis*, or "IFP," a statute directs the courts to conduct two inquiries. First, courts examine the financial affidavits and determine whether the plaintiffs are truly unable to pay the fee. 28 U.S.C. § 1915(a). Second, to ensure that the plaintiffs are not abusing the privilege of filing without prepaying the fee, courts review the complaints and dismiss the cases when they determine that an "action . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, this Court grants the Motion for Leave to Proceed *in forma pauperis* and dismisses the Complaint with leave to amend.

---

[1] Pursuant to D. Conn. Standing Order CTAO-21-01, Plaintiff will be identified solely by first name and last initial throughout this opinion.

1

## I. The First Inquiry: IFP Status

Plaintiff has filed a motion seeking to proceed without payment of fees and costs, along with a financial affidavit. Plaintiff has fully completed the required information and asserts that she is unable to afford to pay fees and costs. At this stage, the Court is satisfied that such allegations are sufficient to establish that Plaintiff is unable to pay the ordinary filing fees required by the Court. 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's Motion for Leave to Proceed *in forma pauperis* is GRANTED.

## II. The Second Inquiry: Review of the Complaint Under 28 U.S.C. § 1915(e)(2)(B)

Pursuant to § 1915(e), the district court must review IFP complaints and dismiss any that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The term "frivolous" in § 1915 applies to "not only the inarguable legal conclusion, but also the fanciful factual allegation," and courts must dismiss a claim that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Separately, to determine whether a complaint fails to state a claim, the court assesses whether the complaint alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A plaintiff must file any civil action seeking judicial review of a final decision of the Commissioner of Social Security within 60 days of receiving notice of that decision unless the time is extended. Specifically, 42 U.S.C. § 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security . . . may obtain review of such decision by a civil

action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." A Social Security regulation adds that the plaintiff is presumed to have received the notice within five days of the decision, "unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c). Accordingly, the combined effect of the statute and regulation is that an action seeking judicial review of a Social Security benefit determination ordinarily must be filed within sixty-five days of that determination.

The Supreme Court has held that § 405(g)'s filing deadline is "not jurisdictional, but rather constitutes a period of limitations." *Bowen v. City of New York*, 476 U.S. 467, 478 (1986). Because § 405(g)'s statute of limitations is a "condition on the waiver of [the United States'] sovereign immunity," it must be strictly construed. *Id.* at 479. Accordingly, courts routinely dismiss Social Security appeals even when they are filed only a few days past the filing deadline. *See, e.g.*, *McCray v. Comm'r of Soc. Sec.,* 19-cv-6226 (PRC), 2022 WL 142344, at *1 (dismissing *pro se* complaint filed thirty-one days late) (citing cases); *Harriett o/b/o M.P. v. Comm'r of Soc. Sec.,* No. 21-CV-2574 (RPK), 2023 WL 3057386, at *1 (E.D.N.Y. Apr. 24, 2023) (dismissing *pro se* complaint filed ninety days late); *Kimberly W. v. Saul*, No. 3:21-CV-00042 (TOF), 2021 WL 880110, at *3 (D. Conn. Mar. 9, 2021) (dismissing *pro se* complaint filed fifty-four days late); *Ortiz v. Berryhill*, No. 19CV00171 (LGS) (DF), 2020 WL 4754934, at *6 (S.D.N.Y. July 15, 2020), *report and recommendation adopted*, No. 19 CIV. 171 (LGS), 2020 WL 4750643 (S.D.N.Y. Aug. 17, 2020) (dismissing *pro se* complaint filed sixty days late).

It is unclear on the face of the Complaint whether Plaintiff filed this action within the time period required by 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210(c) because Plaintiff set forth an incomplete timeline of events. Plaintiff alleges that on March 29, 2023, an ALJ found that she is not entitled to benefits. ECF No. 1, at ¶ 8. Next, on or about May 18, 2023, Plaintiff requested that

the Appeals Council review the ALJ's decision. *Id.* at ¶ 9. Finally, on January 11, 2024, the Office of Disability Adjudication and Review notified Plaintiff "that the Appeals Council *had upheld* the decision" of the ALJ. (Emphasis added.) *Id.* at ¶ 10. Plaintiff did not allege *when* the Appeals Council issued its decision. Because there is no information as to when the Commissioner's decision became "a final decision," this Court cannot determine when Plaintiff's sixty-five-day period for commencing a civil action expired or whether Plaintiff filed her Complaint within that period.

While statute of limitations defenses are ordinarily raised by a defendant after it appears, courts can and do dismiss cases on their own initiative under Section 1915(e)(2) when an IFP complaint reveals that a plaintiff's claim is clearly untimely. "[T]he decision that a complaint is based on an indisputably meritless legal theory, for purposes of dismissal under [Section 1915(e)(2)], may be based on a defense that appears on the face of the complaint." *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995). In particular, "[d]ismissal is . . . appropriate where the existence of . . . [a] statute of limitations [defense] . . . is plain from the plaintiff's pleading." *Pratts v. Coombe*, 59 F. App'x 392, 393 (2d Cir. 2003) (summary order); *accord Syfert v. City of Rome*, No. 6-19-CV-0775 (GTS/ML), 2020 WL 4506689, at *4 (N.D.N.Y. Apr. 15, 2020), *report and recommendation adopted*, No. 6:19-CV-0775 (GTS/ML), 2020 WL 4500893 (N.D.N.Y. Aug. 05, 2020) ("Although the statute of limitations is an affirmative defense, where it is clear from the face of the complaint that a claim is barred by the applicable statute of limitations, the claim is subject to dismissal for failure to state a claim on 28 U.S.C. § 1915(e)(2)(B) review.") (citing *Pino*, 49 F.3d at 53-54).

To overcome a failure to timely file, a plaintiff bears the burden of showing that equitable tolling is warranted. *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000). A late-filing plaintiff

4

seeking equitable tolling must prove two things: (1) plaintiff "has been pursuing his rights diligently"; and (2) "some extraordinary circumstance stood in his way." *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). However, "the principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990).

As explained, Plaintiff included no information to allow this Court to determine when the statute of limitations period lapsed. Plaintiff may amend her Complaint within fourteen days to remedy this deficiency. Additionally, any amended complaint Plaintiff may choose to file must comport with the District of Connecticut's December 19, 2022 Standing Order for Social Security Cases which requires a complaint to state either the Plaintiff's full Social Security Number or the Beneficiary Notice Control Number provided by the Commissioner. The Complaint currently on file provides only Plaintiff's last four digits of her social security number. Without the full number, the Commissioner is unable to prepare the Administrative Record.

### III.   CONCLUSION

Accordingly, Plaintiff's Motion for Leave to Proceed *in forma pauperis* is GRANTED and it is recommended that Plaintiff's Complaint be DISMISSED with leave to amend by March 25, 2024. In response to this ruling, Plaintiff has two options:

1. Plaintiff may, within fourteen days of this ruling, by March 25, 2024, file an Amended Complaint. The Amended Complaint should include the date on which the Appeals Council upheld the ALJ's ruling and her full Social Security Number or Beneficiary Notice Control Number.

2. Plaintiff may object to this recommended ruling. This is a recommended ruling by a magistrate judge. Fed. R. Civ. P. 72(b)(1); D. Conn. L. Civ. R. 72.1(C). If Plaintiff wishes

to object to my recommendation, she must file that objection with the Clerk of the Court by March 25, 2024. *See* Fed. R. Civ. P. 72(b)(2) (objections to magistrate judge's recommendations to be filed within fourteen days). If she does not do so, she may not thereafter assign as error any claimed defect in this recommended ruling. *Id*. Failure to file a timely objection will also preclude appellate review. *See* 28 U.S.C. § 636(b)(1); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) ([F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.); *accord Impala v. U.S. Dept of Justice*, 670 F. Appx 32 (2d Cir. 2016) (summary order).

**Plaintiff is advised that failure to file an Amended Complaint or object to this Ruling by March 25, 2024 may result in the Court dismissing this case with prejudice.**

*/s/ Maria E. Garcia, USMJ*
Hon. Maria E. Garcia
United States Magistrate Judge